The Chief Justice
delivered the opinion of the court.
This action was brought in the Court of Common Pleas of the county of Hunterdon, to recover the penalty mentioned in the fifth section of the act concerning marriages, Rev. Laws 180. The plaintiff in his declaration avers that the defendant, a minister of the gospel, did marry one Charles D. Potts, a male and minor under the age of twenty-one years, and his servant or apprentice and under his care and government, without his consent and without a certificate in wmiting under his hand as directed and required in and by the said act, he being at the time of the marriage, the master of the said minor and having the care and government of him.
The judgment rendered for the plaintiff in the Court of Common Pleas, having been removed here by writ of error, the defendant below now insists that the matters contained in the declaration are not sufficient to maintain the action of the plaintiff.
To ascertain the validity of this objection to the declaration, it becomes necessary to understand some of the leading provisions of the act of the legislature and to compare the declaration with them.
In the first place, the action is given by the act to the •person, whose presence and consent or whose certificate is required, and without whose presence and consent or certificate, the marriage is forbidden.
*298 Argument is scarcely necessary to sustain this position. It stands out prominently on the act and will be learned by the mere perusal of it. It would border on absurdity to require *the consent of one and give the penalty founded on the want' of such consent wholly to another.
In the second place, in the construction of the act, the word “ parent ” is to be understood in its strict sense, and does not extend to those who are sometimes said to stand in loco parentis.
This doctrine too is obvious from a perusal of the act. Terms descriptive of the other persons are used, and hence the word “ parent,” cannot have been intended to comprehend them.
In the third place, the presence and consent or certificate of the person having the care and government of the minor, not being the 'parent, will not suffice if there be a parent living.
The fifth section which -enacts the penalty bears a reference to the third section for the directions according to which the consent or certificate is to be had and obtained.
The language of .the third section, “unless the parent or parents, guardian or guardians, or person or persons under whose care and government such minor or minors shall be,” was not intended to present merely an alternative, that the consent of the one or the other might be obtained, but to designate also the order of such consent. First, the parent, and if no parent, then the guardian, and if no parent or guardian, then the person having the care and government of the minor. With respect to the certificate, the provision is explicit. “A certificate in .writing under the hand of the parent or parents, guardian or guardians, or if such minor have no parent or guardian, then under the hand of the person or persons under whose care and government, he or she may at that time be.”
From this view of the act of the legislature, it appears that the presence or consent or the certificate of the plaintiff, *299 Egbert, would not suffice, nor would the want of such presence and consent or certificate shew a marriage contrary to the true intent and meaning of the act, simply because he was at the time the master and had the care and government of the minor as a servant or apprentice. Another circumstance was requisite, the want of a parent or guardian. “ If such minor have no parent or guardian.” This is the condition or predicament on which depended and from which alone could result the right of the person having the care and government of the minor, not being parent or guardian.
*Inasmuch then as this circumstance was indispensable to the maintenance of the action of the plaintiff, it was necessary for him to have shewn its existence by a proper averment in the declaration.
The rules of pleading require the plaintiff to state whatever circumstances are necessary to constitute the cause of complaint. 1 Chit. Plead. 216, 229, 255.
The declaration is therefore radically defective.
Upon the argument at the bar, it was insisted, that the master of an apprentice or servant is not one of the characters named or described in the statute, and cannot, under any circumstances, maintain an action under it. On this point I have not found it necessary to express an opinion. Assuming without argument the position that the master may, under proper circumstances, maintain the action, he has not, in the present case, shewn himself to be entitled to it.
The judgment should, in my opinion, be reversed.
Br the whole oourt. Judgment reversed.